The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Patrick Shoji YANAGA,
Defendant-Appellant.

No. 80CA0991.

Colorado Court of Appeals,
Div. I.

Oct. 8, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., William Morris, Asst. Atty. Gen., Denver, for plaintiff-appellee.

L. Gary Hebenstreit, Lakewood, for defendant-appellant.

KIRSHBAUM, Judge.

Defendant appeals his conviction by jury of vehicular assault, alleging error in the instructions given by the trial court. We affirm.

The information in this case alleges that on March 10, 1979, defendant committed vehicular assault in violation of § 18–3–205, C.R.S. 1973 (1978 Repl. Vol. 8). The applicable section of that statute defines such offense as follows:

> "If a person operates or drives a motor vehicle in a reckless manner, and this conduct is the proximate cause of serious bodily injury to another, he commits vehicular assault."

At trial, the jury was instructed that the offense of vehicular assault contained the following elements:

> "[1] Operating or driving any motor vehicle.
>
> [2] In such a manner as to indicate either a wanton or willful disregard for the safety of persons or property. Willful and wanton conduct consists of an affirmative act purposely committed which the defendant knew was dangerous to another's person or property in which he performed heedlessly, without regard to the consequences for the rights and safety of another's person or property . . . ."

This instruction was based on provisions of § 42–4–1203, C.R.S. 1973 (1980 Cum.Supp.), defining the offense of reckless driving for purposes of the Motor Vehicle Code. The defendant requested the trial court to use the provisions of the Motor Vehicle Code in defining the phrase "reckless manner" contained in the vehicular assault statute.[1]

1. The record on appeal contains no transcript of any proceeding at trial respecting the offer of or objections to the instructions.

Another instruction informed the jury that the culpable mental state of "recklessly" was also an element of the offense of vehicular assault. That instruction contained the following definition of "recklessly":

"A person acts 'recklessly' with respect to a result or to a circumstance described by a statute defining an offense when he is aware or reasonably should be aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a wilfull (sic) and wanton deviation from the standard of conduct that a reasonable person would observe in the situation.

This definition of "recklessly" was expressly repealed by the General Assembly in 1975, Colo.Sess. Laws 1975, Ch. 167. The applicable definition of "recklessly" as contained in § 18–1–501(8), C.R.S. 1973 (1978 Repl. Vol. 8), states as follows:

"A person acts recklessly when he consciously disregards a substantial and unjustifiable risk that a result will occur or that a circumstance exists."

While conceding that the jury instructions may have been erroneous, the People argue that defendant was not prejudiced. We agree with the People's position.

■ A finding of knowing or willful conduct is sufficient to establish the culpable mental state of recklessness. Section 18–1–503(3) C.R.S. 1973 (1978 Repl. Vol. 8). The elemental instruction here defined the critical term "recklessly" to consist of either willful or wanton conduct. While there is some inconsistency in the treatment of the terms "willful" and "wanton" in the elemental instruction, we conclude that the instruction is not so misleading as to result inevitably in juror confusion. Hence, the case of *People v. Bridges*, Colo., 620 P.2d 1 (1980), relied upon by the defendant, is inapposite.

■ The jury here was required to find that the defendant acted in a willful manner—a higher degree of *mens rea* than is required for the offense charged. Therefore, even though the definition of "recklessly" given to the jury was erroneous because based on a repealed statute, there was no prejudice to the defendant, and the error was harmless. *Early v. People*, 178 Colo. 167, 496 P.2d 1021 (1972).

Judgment affirmed.

COYTE and STERNBERG, JJ., concur.